UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

JON SASMOR,

Plaintiff,

-against-

STEVEN POWELL, Individually and as City Marshal; CHAIM GOLDBERGER a/k/a/ HENRY GOLDBERG; HENRY MANAGEMENT, LLC; ISAAC TEITELBAUM a/k/a ISAAC TITALBAUM; ABRAHAM SCHNEEBALG; FERN FISHER, Individually and as Deputy Chief Administrative Judge for the New York City Courts; and CAROL ALT, Individually and as Chief Clerk of the Civil Court of the City of New York,

Defendants.
------------------------------------------X

**ORDER**
11-CV-4645 (KAM)(JO)

**MATSUMOTO, United States District Judge:**

On September 26, 2011, *pro se* plaintiff Jon Sasmor filed the instant Complaint (ECF No. 1, "Compl.") pursuant to 42 U.S.C. § 1983, 1985 and 1988, seeking injunctive and declaratory relief and damages, and an "Order to Show Cause for Temporary Declaratory and Restraining Order and Preliminary Declaration and Injunction [sic]" (ECF No. 2, "Order to Show Cause") pursuant to Federal Rule of Civil Procedure 65, seeking to stop evictions, including those at his residence, 287 Franklin Avenue ("287 Franklin Avenue"), in Brooklyn. Plaintiff paid the filing

fee to commence this action.[1] By this action, plaintiff seeks a temporary restraining order and preliminary injunction to stop "any further evictions or forcible entries" at 287 Franklin Avenue, and any eviction warrants in New York State issued pursuant to section 749(1) of the New York Real Property Actions and Proceedings Law[2] ("RPAPL") on the basis that the statute is unconstitutional because it "commands the removal of all persons upon eviction judgment against any one person." Compl. at ¶ 17.

Plaintiff seeks an Order to Show Cause to enjoin all evictions in New York based on warrants issued pursuant to RPAPL § 749(1); any further evictions or forcible entries at 287 Franklin Ave, Brooklyn, New York; and to enjoin defendants from "tampering with, or removing Plaintiff's possession from the rooms [from which he was evicted on July 13, 2011 and July 20, 2011] at 287 Franklin." (Order to Show Cause at 3-4).

---

[1] Plaintiff is party to another pending Racketeer Influence and Corrupt Organizations Act action, *Franklin Avenue Residents' Ass'n v. Meisels*, 11-CV-976 (KAM), in this court, regarding this same property and "alleging real estate foreclosure fraud and home equity theft conspiracy." (Memorandum of Law in Support of Temporary Declaratory and Restraining Order and Preliminary Declaration and Injunction, "Pl.'s Mem.," at 1).

[2] Subsection 749(1) of the New York Real Property Actions and Proceedings Law states:

Upon rendering a final judgment for petitioner, the court shall issue a warrant directed to the sheriff of the county or to any constable or marshal of the city in which the property, or a portion thereof, is situated, or, if not situated in a city, to any constable of any town in the county, describing the property, and commanding the officer to remove all persons, and, except where the case is within section 715, to put the petitioner into full possession.

To the extent plaintiff further seeks a temporary restraining order to stop his eviction from more rooms at 287 Franklin (Pl.'s Mem. at 1; Order to Show Cause at ¶ 2-3), his request is DENIED, as Sasmor has not made the requisite showing for such relief. Fed. R. Civ. P. 65(b)(1)(A); *Albert v. Watkins Glen Int'l, Inc.*, No. 10-CV-6613, 2010 WL 4340951, at *3 (W.D.N.Y. Nov. 2, 2010) (preliminary injunctive relief in case alleging unlawful eviction in violation of due process rights "is an extraordinary remedy that will not be granted lightly") (citing *Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y. 1997)). To obtain a temporary restraining order without notice, specific facts in an affidavit or verified complaint must clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A).

In addition, the movant must show "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of the hardships tipping decidedly in its favor." *Bronx Household of Faith v. Bd. of Educ. of City of New York*, 331 F.3d 342, 349 (2d Cir. 2003) (overruled in part on other grounds by *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98 (2001)). Where--as here--the requested preliminary injunction would "stay government action taken in the public

interest pursuant to a statutory or regulatory scheme," the less rigorous "fair ground for litigation" prong does not apply; instead, the movant must satisfy the more rigorous prong of "likelihood of success." *Id.*

Plaintiff has not satisfied either prong. Because plaintiff alleges that he has already been partially evicted, pursuant to previously executed warrants, from rooms[3] in which he resided at 287 Franklin Avenue, *see* Compl. at ¶ 29, those warrants may not be enjoined. As to possible imminent evictions at 287 Franklin Avenue, it is unclear what sort of building 287 Franklin Avenue is and whether plaintiff is a lawful tenant at the property. He does not allege that he executed a residential lease, nor does he allege facts indicating his status as an occupant of the premises or the nature of the premises (*e.g.*, Sasmor does not indicate whether the building is a residential dwelling or whether he is a hotel guest, lawful tenant, or guest of a lawful tenant), and does not indicate whether he is current on rental payments. Instead, plaintiff merely states that he has resided at the location for more than six months[4] and that

[3] The court acknowledges that the Complaint alleges that plaintiff has been evicted from three rooms--his bedroom, a storage room, and an exercise room. Compl. at ¶ 29. It is not clear from the Complaint that plaintiff actually resided in or had sole possession of the storage room or exercise room.

[4] Under New York City Administrative Code 26-521, eviction by means enumerated in the Code is unlawful with respect to "an occupant of a dwelling unit who has *lawfully occupied* the dwelling unit for thirty consecutive days or longer or who has entered into a lease with respect to such dwelling unit . . . ." (emphasis added).

the rooms at 287 Franklin Avenue have no apartment numbers. Compl. at ¶¶ 29, 55. Plaintiff states that an eviction warrant has been issued as to certain rooms at 287 Franklin Avenue and that he believes the warrant is likely to be executed on Wednesday of this week, but that he has not been named in the warrant. Compl. at ¶¶ 64-66. Because it is unclear whether plaintiff resides in the specific rooms to which eviction notices have been issued, and plaintiff is not a party to the eviction proceeding, it is not clear that he will be harmed by the warrant at all, much less irreparably harmed.

Further, plaintiff has not shown a likelihood of success on the merits. Although it is unclear whether plaintiff is a lawful tenant of the premises, it is clear that he has received notice of past and scheduled evictions at 287 Franklin Avenue and has appeared at least one hearing to challenge his previous evictions at the same property. Compl. at ¶¶ 39-42, 62-63. Moreover, plaintiff is a party to a pending state court housing action in which he is named a respondent (Compl. at ¶ 93) and he offers no legal basis as to why he cannot challenge the constitutionality of section 749(1) in that case or in any other state law proceeding.

Moreover, given plaintiff's failure to allege facts that he is a lawful occupant of the premises, plaintiff has not sufficiently shown that his due process challenges to RPAPL are

likely to succeed on the merits. Although plaintiff makes several arguments, his submission fails to rise to the level necessary to satisfy the standards for issuing a temporary restraining order. Accordingly, plaintiff's request for a temporary restraining order is denied.

Plaintiff may amend his complaint, serve all defendants with process, file declarations of service of process, and move, if appropriate, for a preliminary injunction on notice to all parties, who shall be granted an opportunity to respond.

SO ORDERED.

/s/
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
September 26, 2011