UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────────X

JON SASMOR,                                              **ORDER ADOPTING REPORT**
                                                        **& RECOMMENDATION**
                    Plaintiff,

        -against-                                        11-CV-4645 (KAM) (JO)

STEVEN POWELL, Individually and as City
Marshal; CHAIM GOLDBERGER a/k/a/ HENRY
GOLDBERG; HENRY MANAGEMENT, LLC;
ISAAC TEITELBAUM a/k/a ISAAC TITALBAUM;
ABRAHAM SCHNEEBALG; FERN FISHER,
Individually and as Deputy Chief Administrative
Judge for the New York City Courts; and CAROL
ALT, Individually and as Chief Clerk of the Civil
Court of the City of New York,

                    Defendants.
────────────────────────────────────────X

**MATSUMOTO, United States District Judge:**

On September 26, 2011, *pro se* plaintiff Jon Sasmor commenced this action

pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, seeking injunctive and declaratory relief and

damages arising from the execution of certain eviction warrants pursuant to section 749(1) of the

New York Real Property Actions and Proceedings Law[1] ("RPAPL") at a building located at 287

Franklin Avenue (the "residence"), in Brooklyn, New York, in which plaintiff had a lease for one

room.  (ECF No. 1, Complaint.)  Plaintiff paid the filing fee to commence this action.   On

October 11, 2011, plaintiff amended his complaint (ECF No. 6, Amended Complaint, filed

10/11/2011 ("Am. Compl.")) after the court denied his previous request for a temporary

───────────────

[1]Subsection 749(1) of the New York Real Property Actions and Proceedings Law states:

> Upon rendering a final judgment for petitioner, the court shall issue a warrant directed to the
> sheriff of the county or to any constable or marshal of the city in which the property, or a portion
> thereof, is situated, or, if not situated in a city, to any constable of any town in the county,
> describing the property, and commanding the officer to remove all persons, and, except where the
> case is within section 715, to put the petitioner into full possession.

restraining order that accompanied plaintiff's initial complaint (ECF No. 5, Order Denying Request for Temporary Restraining Order, dated 9/26/2011).

Plaintiff's amended complaint names as defendants the private management company and three individuals who own and manage the residence, Henry Management, LLC, Chaim Goldberger, Isacc Teitelbaum, and Abraham Schneelbag (the "Private Defendants"); the New York City Marshal who executed the eviction warrants at issue, Steven Powell; and a state court judge, Fern Fisher, and a state court clerk, Carol Alt (together, the "Judicial Defendants"), who were nominally involved in the eviction proceedings that precipitated the instant action. (*See generally* Am. Compl.)  These three groups of defendants moved separately to dismiss plaintiff's complaint.[2]  (ECF Nos. 38, 45, 48.)  Plaintiff opposed each of defendants' motions to dismiss (ECF Nos. 51-1, 52-1, 53-1), and the moving defendants all submitted reply briefs in support of their respective motions (ECF Nos. 44, 47, 49).

Additionally, plaintiff moved for a preliminary injunction barring any further evictions (not just those that affect him) in New York state pursuant to RPAPL § 749, which plaintiff claims is unconstitutional.  (ECF No. 54.)  The Judicial Defendants opposed plaintiff's motion for a preliminary injunction (ECF No. 50), and plaintiff submitted a reply thereto (ECF No. 55-1).  On August 31, 2012, the court referred all of the aforementioned motions to Magistrate Judge James Orenstein for a report and recommendation.  (Order Referring Motion, dated 8/31/2012.)

---

[2] Because Powell and the Private Defendants filed answers to plaintiff's amended complaint before filing their respective motions to dismiss the amended complaint (*see* ECF Nos. 9, 20), Judge Orenstein appropriately construed these motions to dismiss as motions for judgment on the pleadings, which are decided under the same standard as a motion to dismiss for failure to state a claim.  Judge Orenstein also properly considered exhibits to the extent they were incorporate by reference into the amended complaint or were relevant public records of the Housing Court and Appellate Division referenced in the amended complaint.   (R&R at 6, 8 (citing *Irish Lesbian & Gay Org. v. Guiliani*, 143 F.3d 638, 644 (2d Cir. 1998).)

**DISCUSSION**

Presently before the court is the Report and Recommendation issued by Magistrate Judge Orenstein on February 21, 2013.  (ECF No. 61, Report and Recommendation, dated 2/21/2013 ("R&R").)  Judge Orenstein recommended that the court deny plaintiff's motion for a preliminary injunction, grant all of the defendants' motions to dismiss in their entirety, and dismiss plaintiff's amended complaint in its entirety, with prejudice to all of plaintiff's federal claims therein.  (R&R at 1, 22.)  As explicitly stated in the R&R, any objections to the R&R's recommendations were to be filed by March 11, 2013 (*id.* at 22), but the court extended the deadline to March 15, 2013 in response to plaintiff's request for more time to file his objections (Order, dated 3/6/2013).  Because the *pro se* plaintiff has been afforded the unusual privilege of being permitted to file his submissions electronically, plaintiff was served with the R&R via the ECF filing system on the same day the R&R was issued.  (R&R at 22, n.9.)

On March 15, 2013, plaintiff timely filed his objections to Judge Orenstein's recommendations in the R&R.  (ECF No. 63, Plaintiff's Objections, filed 3/15/2013 ("Pl. Obj.").)  As discussed below, plaintiff has presented twenty objections to Judge Orenstein's recommendations in the R&R.  (*See generally* Pl. Obj.)

On March 21, 2013, the Judicial Defendants and the Private Defendants timely filed their respective responses to plaintiff's objections to the R&R.  (ECF No. 64, Judicial Defendants' Response to Plaintiff's Objections, filed 3/21/2013; ECF No. 65, Private Defendants' Response to Plaintiff's Objections, filed 3/21/2013.)  Defendant Powell did not file any response to plaintiff's objections to the R&R.

## I.      Legal Standard

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Where a party makes specific and timely objections to a magistrate judge's findings or recommendations as to dispositive motions, the district court must apply a *de novo* standard of review to the portions of the Report and Recommendation to which the objection is made.  Fed. R. Civ. P. 72(b); *Mazzei v. Abbott Labs. & Co*., Nos. 10-cv-1011, 10-cv-2233, 2012 WL 1101776, at *1 (E.D.N.Y. Apr. 2, 2012) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)); *see also* 28 U.S.C. § 636(b)(1).  However, "'general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.'"  *Caldarola v. Town of Smithtown*, No. 09-cv-272, 2011 WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011); *see also Vega v. Artuz*, No. 97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review").  Additionally, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.  *Caldarola*, 2011 WL 1336574, at *1 (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).  Furthermore, even on a *de novo* review of a party's specific objections, the court ordinarily will not consider "'arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.'"  *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352-53 (E.D.N.Y. 2009) (quoting *Kennedy v. Adamo*, No. 02-cv-1776, 2006 WL 3704784, at *1 (E.D.N.Y. 2006)).

## II.    Analysis[3]

As an initial matter, the court notes that all of plaintiff's arguments in support of his twenty objections to Judge Orenstein's recommendations in the R&R have been raised in plaintiffs' various oppositions to the defendants' motions to dismiss, and also significantly overlap with the arguments plaintiff advanced in support of his motion for a preliminary injunction.  For example, plaintiff's rehashes at length in his objection to Judge Orenstein's finding that plaintiff lacks standing to bring claims under to 42 U.S.C. § 1983 the same arguments he previously raised in all three of his oppositions to the motions to dismiss (ECF No. 51-1, at 22-42; ECF No. 52-1, at 5-31; ECF No. 53-1, at 3-25) and in support of plaintiff's motion for a preliminary injunction (ECF No. 54-2, at 10-32), to wit, plaintiff's claim that defendants violated his Fourth Amendment rights, his "property" interests, his "liberty interests" guaranteed by "procedural due process," his "privacy" interests, his equal protection rights, and his substantive due process guarantees by issuing and executing eviction warrants pursuant to the purportedly unconstitutional "all persons" warrant statute, RPAPL § 749.  (Pl. Obj. at 2-5, 20-21.)  Similarly, plaintiff's instant objections reciting his view that he has standing and is not collaterally estopped, precluded, or otherwise "bound" by the state courts' judgments regarding the eviction proceedings for plaintiff's own apartment and the apartments of his neighbors (Pl. Obj. at 5-20, 22-26), merely repeat plaintiff's arguments in opposition to defendants' motions to dismiss (ECF No. 51-1, at 9, 14-15, 43-44; ECF No. 52-1, at 19, n.40, 27-28, n.54, 41-42; ECF No. 53-1, at 20-21, nn.34 & 30), and in support of his preliminary injunction request (ECF No. 54-2, at 24-25, 27-28).  The same is true of plaintiff's objections that the R&R misapplied or misunderstood RPAPL § 711, N.Y. City Admin. Code § 26-51, and New York's landlord-tenant

---

[3] Given the extraordinary amount of paper and ink already devoted by plaintiff and defendants to the facts at bar, the court will not repeat the underlying facts of this case in the instant Memorandum and Order, and incorporates by reference the R&R's impressively concise statement of facts.  (*See* R&R at 1-7.)

common law (Pl. Obj. at  27-32), which are based on the same contentions plaintiff proffered in his oppositions to the motions to dismiss (ECF No. 51-1, at 26-29, nn.42-43 & 45, 35-36; ECF No. 52-1, at 10-13, 25-26; ECF No. 53-1, at 4-7, nn.7 & 9, 18-19) and his motion for a preliminary injunction (ECF No. 54-1, at 14-18, 25-26).  Likewise, plaintiff has raised his ill-founded argument that the entity which the state courts have adjudicated as the owner of the subject premises, the Ronald Henry Land Trust, is not permitted to own property under New York law in his preliminary injunction motion, his oppositions to all defendants' motions to dismiss, and in his instant objections.   (*See* Pl. Obj. at 13-15, 35; ECF No. 51-1, at 17, 33 n.56; ECF No. 52-1, at 18-19, nn. 37-40; ECF No. 53-1, at 12, 12 n.22; ECF No. 54-1, at 44-45.)

Because "objections that are merely . . . an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review," this court would be justified in reviewing the R&R's recommendations on these issues only for clear error.  *Vega*, 2002 WL 31174466, at *1; *accord Caldarola*, 2011 WL 1336574, at *1 ("'[G]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.'").  Nonetheless, the court has conducted an independent, *de novo* review of the pleadings, defendants' respective motions to dismiss and/or for judgment on the pleadings, plaintiff's exhaustive oppositions to those motions, defendants' reply briefs in support of the motions, all the submissions in support of and in opposition to plaintiff's motion for a preliminary injunction, and the relevant, controlling case law.  Not only has the court determined that there is no clear error in Judge Orenstein's thorough and well-reasoned recommendations in the R&R, the court agrees completely with Judge Orenstein's incisive analysis on a *de novo* review as well.

As correctly and succinctly stated in the R&R, the underlying flaw in all of
plaintiff's federal claims is that plaintiff cannot plausibly plead he has standing to bring them, as
that concept has been articulated many times by the Supreme Court and other federal courts.
(*See* R&R at 7-8, 13-14 (citing *Iqbal v. Ashcroft*, 556 U.S. 662, 679; *Libby v. Merrill*, 2003 WL
21756830, at *5 (D. Me. July 29, 2003)); *see also Pungitore v. Barbera*, No. 12-cv-1795, 2012
WL 6621437, at *2-3  (2d Cir. Dec. 20, 2012) ("While this plausibility standard is not 'akin to a
probability requirement,' it 'asks for more than a sheer possibility that a defendant has acted
unlawfully.'" (quoting *Iqbal*, 556 U.S. at 678, and affirming district court's dismissal of
complaint for failure to plausibly plead cognizable injury)).  Despite plaintiff's objections to the
contrary, plaintiff's amended complaint and attachments thereto reveal that (i) plaintiff was
provided a forum in New York City's Housing Court, including a five-day trial and appeal, to
pursue his right to oppose the eviction proceeding for his own apartment; (ii) plaintiff actually
appeared and made motions to intervene in the eviction proceedings for the apartments formerly
occupied by Fletcher, Diaz, and Rosenbaum, but failed to appeal the denial of his motions to
either the New York Supreme Court or the Appellate Division, on either their merits or to raise
any constitutional challenges[4]; and (iii) to the extent plaintiff claims his right to occupy the
apartments of Campos, Osterweil, and Skubtyte is derived from his alleged predecessors-in-

---

[4] The Supreme Court of New York has concurrent jurisdiction over all summary proceedings, including eviction
warrants and other proceedings involving real property.  Additionally, litigants may appeal orders denying motions
to intervene in New York Civil Court to the appropriate Appellate Term.  *See, e.g., Wager v. Haberman*, 85 Misc.
2d 314, 317-19 (Sup. Ct. 1975) (reversing Appellate Term's denial of petitioner's appeal from New York Civil
Court's denial of motion to intervene in underlying eviction proceedings, and granting stay of execution of eviction
warrant to permit time for non-party movant to challenge to eviction proceedings from which he had been
previously excluded).  Finally, litigants are fully permitted to challenge the constitutionality of New York state
statutes in Article 78 proceedings before New York Supreme Court, and, where they fail to do so, New York courts
find those challenges barred by *res judicata*.  *See, e.g., Junk'n Doughnuts Inc. v. Dep't of Consumer Affairs of City
of New Yor*k, 49 A.D.3d 464, 465 (1st Dep't 2008) (observing that "[b]ecause the constitutional challenges plaintiff
raises in the instant action arose out of the same transaction from which his article 78 claims arose, and plaintiff
could have raised them in the article 78 proceeding, the constitutional challenges are barred by the doctrine of *res
judicata*;" and reversing trial court's denial of motion to dismiss complaint) (citing *O'Brien v. City of Syracuse*, 54
N.Y.2d 353, 357 (1981)), *appeal dismissed by*, 10 N.Y.2d 950 (2008).

interest after they vacated their apartments, those three tenants appeared themselves in Housing Court and unsuccessfully opposed the eviction proceedings regarding their apartments.  (*See* R&R at 10-15 (citing, *inter alia*, Housing Court pleadings and eviction proceedings documents attached by plaintiff to amended complaint).)  The court thus finds no reason to disagree with Judge Orenstein's conclusion that plaintiff is bound by the state court judgments foreclosing his claimed right to those rooms, and by the doctrines of *res judicata* and *Rooker-Feldman* from relitigating those issues before this court.  (*See id*. (citing cases).)  Further, the court concurs with the R&R's observation that plaintiff lacks standing to litigate the purported questions regarding the constitutionality of RPAPL § 749.[5]  (*Id*. at 15); *see also Sundwall v. Ment*, 229 F.3d 1136, 1136 (2d Cir. 2000) (holding that plaintiff's complaint alleging violation of the Due Process and Equal Protection clauses by operation of Connecticut's lien and foreclosure laws did not allege "a cognizable 'actual or threatened' injury," and thus district court properly dismissed

---

[5] Indeed, although the court does not pass on the constitutionality of RPAPL § 749 because plaintiff lacks standing to confer jurisdiction over his claims in that respect, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) ("Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning."), the court notes that RPAPL § 749, as well as New York's broader scheme for summary evictions, has been enforced and interpreted by many courts, including the Second Circuit, without reference to any constitutional infirmities.  *See, e.g., Super Nova 330 LLC v. Gazes*, 693 F.3d 138, 141-44 (2d Cir. 2012) (addressing whether the issuance or execution of eviction warrant under RPAPL § 749 renders a lease "unexpired" for purposes of the Bankruptcy Code); *Stern v. Regency Towers, LLC*, 886 F. Supp. 2d 317, 323-326 (S.D.N.Y. 2012) (describing New York's tenant-landlord law, including RPAPL § 749, as providing "a means to challenge the adequacy of the notice of the eviction and, by extension, the timing and propriety of the eviction itself" which satisfies federal constitutional due process, and rejecting plaintiff's claims under § 1983 and for state-law fraud and conversion); *Velazquez v. Thompson*, 321 F. Supp. 34, 37-41 (S.D.N.Y. 1970) (reviewing New York's process for summary eviction proceedings, including RPAPL § 749, and rejecting plaintiff's federal constitutional challenges under the Fourth, Ninth, and Fourteenth Amendments, and Due Process and Equal Protection clauses, and denying plaintiff's request for injunctive relief), *aff'd*, 451 F.2d 202 (2d Cir. 1971); *see also Mennella v. Lopez-Torres*, 91 N.Y.2d 474, 478 (1998) ("[A]rticle 7 [of the RPAPL] represents the Legislature's attempt to balance the rights of landlords and tenants to provide for expeditious and fair procedures for the determination of disputes involving the possession of real property.  To those ends, article 7 provides an elaborate set of notice requirements to ensure that tenants are not unjustly evicted from premises without an opportunity to defend.  Correspondingly, the Legislature has given a clear legal right to prompt recovery of the premises to a landlord who has satisfied the statutory procedural requirements of notice and filing, upon a default in answering or appearing by the tenant (*see*, RPAPL 732, *749*)." (citations omitted) (internal quotation marks omitted) (emphasis added)).

her complaint, where plaintiff had litigated her merit-based and constitutional challenges to the state laws in state court).

Moreover, the court agrees with Judge Orenstein's keen observation that plaintiff's amended complaint is, at bottom, a rehashing of his state court landlord-tenant dispute which should not be entertained in federal court.  (R&R at 7); *see also Trang v. Concris Realty Co.*, No. 05-cv-5441, 2005 WL 1398004, at *2-3 (E.D.N.Y. June 14, 2005) (declining to exercise federal jurisdiction over plaintiff's purported claims under § 1983 or for violation of federal due process that arose from landlord-tenant dispute resulting in Housing Court's grant of eviction order to landlord, and dismissing complaint for lack of jurisdiction, or in the alternative, for failure to state a claim); *Chiania v. Broadmoor Assocs.*, No. 94-cv-0613, 1994 WL 30412, at *1 (S.D.N.Y. Feb. 2, 1994) (dismissing complaint for lack of federal jurisdiction where plaintiff's purportedly "constitutional" claims were merely state court claims arising from acrimonious landlord-tenant dispute over eviction proceedings "recloaked in constitutional garb").  In the absence of any viable claims based in federal law, therefore, the R&R properly recommended that the court decline to exercise supplemental jurisdiction over plaintiff's remaining state-law claims.  (R&R at 20 (citing *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991)).)

In sum, when applying the above controlling principles of federal law, and after independently reviewing all of the parties' submissions in support of and opposition to the pending motions to dismiss and for a preliminary injunction, the record facts, and applicable precedent, the court adopts as the opinion of the court and affirms in its entirety the R&R's recommendations to grant defendants' motions to dismiss, to dismiss plaintiff's amended complaint with prejudice to his federal claims, and to deny plaintiff's request for a preliminary injunction.

**CONCLUSION**

For the reasons set forth above, defendants' motions to dismiss plaintiff's complaint and/or motions for judgment on the pleadings are granted, plaintiff's complaint is dismissed in its entirety, with prejudice to the federal claims therein, and the court will not exercise jurisdiction over plaintiff's remaining state-law claims.  Also for the reasons set forth above, plaintiff's request for a preliminary injunction is denied.  The court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on this docket within three days of entering this Memorandum and Order.  The Clerk of Court is further respectfully requested to enter judgment in favor of defendants, to serve the *pro se* plaintiff with a copy of the judgment and the appeals packet, and to close this case.

**SO ORDERED.**

**Dated:**          March 31, 2013
                    Brooklyn, New York

                                        _____/s/_____
                                        Kiyo A. Matsumoto
                                        United States District Judge
                                        Eastern District of New York

10