```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
JON SASMOR,                         :
                                    :
                Plaintiff,          :
                                    :
    -against-                       :      ORDER ADOPTING REPORT
                                    :      & RECOMMENDATION
STEVEN POWELL, Individually and as  :
City                                :
Marshal; CHAIM GOLDBERGER a/k/a/    :      11 Civ. 4645 (KAM)(JO)
HENRY GOLDBERG; HENRY MANAGEMENT,   :
LLC; ISAAC TEITELBAUM a/k/a ISAAC   :
TITALBAUM; ABRAHAM SCHNEEBALG; FERN :
FISHER, Individually and as Deputy  :
Chief Administrative Judge for the  :
New York City Courts; and CAROL ALT,:
Individually and as Chief Clerk of  :
the Civil Court of the City of New  :
York,                               :
                                    :
                Defendants.         :
-----------------------------------x
```
**MATSUMOTO, United States District Judge**

On September 26, 2011, *pro se* plaintiff Jon Sasmor commenced this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, seeking injunctive and declaratory relief and damages arising from the execution of certain eviction warrants pursuant to section 749(1) of the New York Real Property Actions and Proceedings Law ("RPAPL") at a building located at 287 Franklin Avenue ("287 Franklin"), in Brooklyn, New York, in which plaintiff had a lease for one room. (ECF No. 1, Complaint.) On October 11, 2011, plaintiff amended his complaint (ECF No. 6, Amended Complaint, filed 10/11/2011 ("Am. Compl.")) after the court denied his previous request for a temporary restraining

1

order that accompanied plaintiff's initial complaint (ECF No. 5, Order Denying Request for Temporary Restraining Order, dated 9/26/2011). Plaintiff alleges claims against the private management company that manages 287 Franklin on behalf of the Ronald Henry Land Trust, along with the two trustees and one of its employees (collectively, the "Private Defendants"); state court judge Fern Fisher, court clerk Carol Alt, (collectively, the "State Defendants"), and New York City Marshal Steven Powell, all of whom at least nominally performed official functions relating to the issuance and execution of the eviction warrants.

Each of the defendants named in this action moved separately to dismiss plaintiff's complaint. (ECF Nos. 38, 45, 48.) Plaintiff opposed each of defendants' motions to dismiss, (ECF Nos. 51-1, 52-1, 53-1), and the moving defendants all submitted reply briefs in support of their respective motions. (ECF Nos. 44, 47, 49). Plaintiff moved for a preliminary injunction barring any further evictions (not just those that affect him) in New York state pursuant to RPAPL § 749, which plaintiff claims is unconstitutional. (ECF No. 54.) The Private Defendants and Judicial Defendants opposed plaintiff's motion for a preliminary injunction, (ECF Nos. 44, 50), and plaintiff submitted a reply thereto. (ECF No. 55-1).

On August 31, 2012, the court referred all of the aforementioned motions to Magistrate Judge James Orenstein for a

report and recommendation.  (Order Referring Motion, dated 8/31/2012.)  On February 21, 2013, Judge Orenstein issued his Report and Recommendation, (ECF No. 61, Report and Recommendation dated 2/21/13 ("R & R dated 2/21/13")), and on March 31, 2013, the court adopted Judge Orenstein's recommendation to dismiss all of Sasmor's claims, and the Clerk entered judgment accordingly.  (ECF Nos. 66, Order Adopting Report and Recommendations, dated 3/31/13, 67, Clerk's Judgment dated 4/2/13.)

On November 16, 2014, plaintiff moved this court for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and for leave to amend his complaint based on a related New York State Court's apellate ruling in an eviction matter that this court previously cited in dismissing plaintiff's complaint.[1]  (ECF No. 76.)  The court thus re-opened this case for the limited purpose of considering the effect of the state court appellate decision that the Ronald Henry Land Trust lacked the capacity to bring eviction proceedings against Jon Sasmor in state court.  The court ruled that plaintiff's case would be re-opened for

---

[1] In plaintiff's 11/16/14 letter motion, he indicated that he would no longer seek relief from the State Defendants, Administrative Judge Fisher and Clerk Carol Alt, in his proposed amended complaint. (ECF No. 71, Letter dated 11/16/14.)  In any event, the court, upon re-opening the case, again dismissed the State defendants Fisher and Alt from this action, on the alternate ground of absolute immunity.  (Minute Entry dated 12/5/14.) *See Butz v. Economou*, 438 U.S. 478, 511-513 (1978) (finding that absolute immunity extends to administrative judges because they perform judicial functions); *Gibson v. Brown*, No. 12-CV-622, 2012 WL 1744845, at *4 (E.D.N.Y. May 16, 2012) ("Court clerks are afforded absolute immunity to the extent that they are 'assisting the judge in carrying out judicial functions.'").  Thus, the R & R and this court's Order will only address the claims against the remaining defendants.

3

consideration of the full record and briefing, as well as the additional letters recently submitted in support of, and in opposition to, plaintiff's motion for relief from the court's prior judgment and to amend the complaint (ECF Nos. 71-75), to make a revised determination in light of the state appellate term's judgment. (Minute Entry dated 12/5/14.) The court referred plaintiff's reconsideration motion to Judge Orenstein on for a report and recommendation.

## DISCUSSION

Presently before the court is the Report and Recommendation issued by Judge Orenstein on July 20, 2015. (ECF No. 80, Report and Recommendation, dated 7/20/15 ("R&R").) Upon review of the full record and upon consideration of the State Court Appellate Term's recent decision, Judge Orenstein recommended that the court adhere to its prior order dismissing this case because, notwithstanding the state appellate term ruling, there are independent and alternate bases for dismissing all of the remaining claims in the complaint with prejudice. (*Id.*)

On August 6, 2015, plaintiff timely filed his objections to Judge Orenstein's recommendations in the R & R. (ECF No. 81, Plaintiff's Objections ("Pl. Objs."), filed 8/6/15.) For the reasons set forth below, the court adopts

the Report & Recommendation in its entirety and dismisses plaintiff's remaining claims in the complaint.

**STANDARD OF REVIEW**

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection"); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011). The district court is "permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July

31, 1995) (Sotomayor, J.) (citation and internal quotation marks and brackets omitted).

Furthermore, even on *de novo* review of specific objections, the court "will not consider 'arguments, case law, and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)).

## **DISCUSSION**

The court presumes familiarity with the underlying facts and procedural history as set forth in more detail in the July 20, 2015 Report & Recommendation, in Judge Orenstein's February 21, 2013 Report and Recommendation, and in the court's prior order dated March 31, 2013 adopting Judge Orenstein's prior Report & Recommendation. (R & R at 2-3; ECF Nos. 66, Order Adopting R & Rd, dated 3/31/13, 61, Report and Recommendation, dated 2/21/13.)

Plaintiff raises three main objections to the following findings and recommendations: (1) plaintiff has no cognizable property interests in the rooms at 287 Franklin, and thus lacks standing to bring his claims in federal court; (2) plaintiff's alleged rights and cognizable property interest do not "stand or fall with the judgment of the Housing Court in the state eviction

proceedings"; and (3) Defendant Powell is entitled to qualified immunity.[2] (*See generally* Pl. Objs.)

In support of his objections, plaintiff merely attempts to re-litigate arguments made in his prior submissions and thoroughly considered and addressed by Judge Orenstein in his R & R. For example, although plaintiff attempts to re-argue that RPAPL Sections 711 and 713 and New York Real Property Law ("NYRPL") Section 228 convey cognizable property rights, Judge Orenstein explicitly considered this argument in plaintiff's initial opposition briefing and concluded that "neither of the cited provisions confers any property right." (R & R at 6; *see* ECF No 52-1, Plaintiff's Memorandum of Law ("Pl. Mem.") at 10-12.) Plaintiff's repeated arguments that the R & R erred in construing RPAPL § 711, NYRPL § 228, and N.Y.C. Admin. Code 26-51, were also raised in plaintiff's last set of objections, and overruled by this court in its March 31, 2013 Order. (*See* Pl. Objs. § I(B); Pl. 3/6/13 Objs. at 27-32; Order dated 3/31/13 at 5-6.) Indeed, the "legal errors" that plaintiff points to are, as the court found previously, based on the same contentions that plaintiff proffered in his oppositions to the motions to dismiss (ECF No.

---

[2] Plaintiff also seeks a preliminary injunction and leave to amend his complaint in his objections, however, these requests reiterate those already made in prior submissions, seek additional relief, and do not constitute objections to the R & R. *See Pierce v. Mance*, No. 08-CV-4736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009) *report and recommendation adopted,* (S.D.N.Y. Apr. 11, 2011) (dismissing new claims presented in the form of, or along with, objections to magistrate judge's report and recommendation). Accordingly, the court will not consider these requests.

51-1, at 26-29, nn.42-43 & 45, 35-36; ECF No. 52-1, at 10-13, 25-26; ECF No. 53-1, at 4-7, nn.7 & 9, 18-19), and his unsuccessful motion for a preliminary injunction (ECF No. 54-1, at 14-18, 25-26). (*See* Order dated 3/31/13 at 6.) Because the Appellate Term's judgment has no bearing on these arguments or Judge Orenstein's independent finding that RPAPL § 711, NYRPL § 228, and N.Y. City Admin. Code § 26-521 do not confer a cognizable property interest on plaintiff, a different outcome is not warranted.

Indeed, plaintiff's reliance on this court's ruling in *Pelt v. City of New York*, No. 11-CV-5633, 2013 WL 4647500 (E.D.N.Y. Aug. 28, 2013), for the proposition that RPAPL § 711 conveys a property interest is entirely misplaced. (Pl. Objs. § I(A).) In *Pelt*, the court dismissed plaintiff's Section 1983 claims and rejected plaintiff's argument that he had a property interest in the apartment from which he was evicted, as a licensee pursuant to RPAPL § 713(a). Although the court distinguished RPAPL § 711 from 713(a), and noted in a footnote that "by instead claiming that he was a licensee at the time of his eviction, Plaintiff "appear[ed] to concede that he was not in a 'landlordtenant [sic] relationship' with NYCHA within the meaning of [RPAPL 711]," the court did *not* find that, had plaintiff alleged a landlord-tenant relationship under RPAPL 711, he would have succeeded on his claims. Indeed, RPAPL § 711 does

8

not confer cognizable property rights or possessory interests protected by the Constitution, and only entitles tenants who have lawfully held the premises for more than thirty days to procedural protections.³ N.Y. Real Prop. Acts. Law § 711 ("A tenant . . . who has been in possession for thirty consecutive days or longer . . . shall not be removed from possession except in a special proceeding."); *see De Villar v. City of New York*, 628 F. Supp. 80, 84 (S.D.N.Y. 1986) ("Although the Constitution has been much trivialized . . . it has not progressed to the point where every notice provision of state real property law has become a matter of constitutional right.").

Furthermore, although plaintiff objects to the R & R on the grounds that Judge Orenstein did not explicitly address NYRPL § 228, plaintiff's objection with respect to NYRPL § 228 ultimately fails for the same reasons as those stated with respect to RPAPL § 711. NYRPL § 228 only provides a tenant at will or at sufferance to 30 days-notice before his possessory interest can be terminated, but does not confer upon such tenants any constitutionally protected property interest or legal right to the premises. Moreover, plaintiff's reliance on *Walls v.*

---

³ Although courts in this circuit have held that tenants, as opposed to licensees, may have a cognizable property interest in the continued occupancy of a property, plaintiff was not a lawful tenant of his room or any of the other rooms at 287 Franklin at the time of his eviction, because his lease for his room expired in April 2011 and the evictions at issue took place in July 2011. *Smith v. Cnty. of Nassau*, No. 10-CV-4874, 2015 WL 1507767, at *8 (E.D.N.Y. Mar. 31, 2015); *Pelt v. City of New York,* No. 11–CV–5633, 2013 WL 4647500, at *8–9 (E.D.N.Y. Aug. 28, 2013).

*Giuliani*, 916 F. Supp. 214, 222 (E.D.N.Y. 1996) for the proposition that "this Court had held that New York Property Law creates a substantive right protected by the Due Process Clause" misconstrues the holding in *Walls v. Giuliani*. (Pl. Objs. § I(B)(2).) Although the *Walls* court stated that Section 228 is "sufficient to create a property right protected by the Due Process Clause" the court concluded that "[b]ecause this right is essentially a hybrid between a procedural and a substantive right, the Due Process Clause requires that the thirty days notice to quit must be provided unless other provisions of New York law provide a basis for dispensing with it." *Walls*, 916 F. Supp. at 220. Thus, the court ultimately held that the plaintiffs' status, whether as trespassers or tenants at sufferance, did not grant them the right to avoid eviction, but only entitled them to reasonable notice. *Id*.

In any event, without citing the statute specifically, Judge Orenstein addressed and rejected plaintiff's argument that plaintiff was a tenant at sufferance at 287 Franklin because Ronald Henry (the person, not the Trust that holds legal title to 287 Franklin) granted him permission to continue living there. (R & R at 8; *see* Pl. Mem. (ECF No. 52-1) at 12-13.) Thus, even if NYRPL § 228 could convey a cognizable property interest in 287 Franklin, plaintiff is unable to plead a cognizable tenancy at

10

will or at sufferance because the undisputed facts establish that Ronald Henry does not hold legal title to 287 Franklin.

Although plaintiff objects to the R & R's failure to address his other grounds for standing under the Fourth and Fourteenth Amendments, (Pl. Objs. § I(D)(1)-(3)), plaintiff fails to recognize that his lack of standing, based on his inability to plead a sufficient possessory interest in 287 Franklin, precludes him from bringing these federal claims. The Constitution neither creates property interests nor confers standing; rather, a plaintiff must adequately plead a "case or controversy" to bring a claim in federal court. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972) ("Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."); *Pelt v. City of New York*, No. 11-CV-5633, 2013 WL 4647500, at *7 (E.D.N.Y. Aug. 28, 2013) ("Property interests are not created by the Constitution, but instead, are created and defined by existing rules or understandings 'stemming from an independent source,' which source supports a 'legitimate claim of entitlement.'"). To qualify as a party with standing to litigate, a person must show, first and foremost, "an invasion of

a legally protected interest" that is "concrete and particularized" and "'actual or imminent.'" *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (quoting *Whitmore v. Arkansas,* 495 U.S. 149, 155 (1990)). An interest shared generally with the public at large in the proper application of the Constitution and laws will not do. *See Defenders of Wildlife,* 504 U.S., at 573–576. As discussed in this Order, plaintiff is unable to plead a legally protected interest.

Furthermore, because Judge Orenstein determined that plaintiff was unable to plead a cognizable property interest, it was not necessary to explicitly address each of the claims that plaintiff lacks the standing to assert. *See Morris v. Katz*, No. 11-CV-3556, 2011 WL 3918965, at *3 (E.D.N.Y. Sept. 4, 2011) (citing *Mehta v. Surles,* 905 F.2d 595, 598 (2d Cir. 1990)) ("In order to state a claim for deprivation of a property right under § 1983, three elements must be proven: (1) that there was a property interest; (2) which was deprived under color of state law; and (3) the deprivation must be without due process.").[4]

---

[4] In any event, the Appellate Term's judgment has no bearing on the success of many of plaintiff's claims, which Judge Orenstein considered in his February 21, 2013 R & R and dismissed on independent grounds that did not rely on the Housing Court's decision. (*See* R & R dated 2/21/13 at 16 (finding that, even if plaintiff were not estopped from claiming a property interest in 287 Franklin, that his Fourth and Fourteenth Amendment claims based on the "imprecise" warrants would fail because plaintiff acknowledged that defendant Powell had relied on defendant Goldberger's guidance, and not the allegedly imprecise wording of the warrants); 19 (concluding that plaintiff's Fourth Amendment claim with respect to process server was not actionable where violation was a "*de minimus* level of imposition."); 16 n.6 (dismissing constitutional claims alleged against Powell on qualified immunity grounds);

Plaintiff cannot establish the first element because his lease had been terminated and he had no property interest in the subject premises.

Finally, plaintiff attempts to re-litigate his claims against defendant Powell, and submits the same arguments raised in his original opposition submissions and the objections raised in his prior objections to Judge Orenstein's February 21, 2013 Report and Recommendation. (*See* ECF Nos. 53, Plaintiff's Opposition to Defendant Powell's Motion to Dismiss, 63, Plaintiff's Objections dated 3/6/13.) Specifically, plaintiff re-iterates his arguments that the warrants executed by defendant Powell were facially invalid, and that defendant Powell's conduct exceeded the scope of the warrants. (ECF 53-1, Plaintiff's Opposition to Powell's Motion to Dismiss, at 8-16.) Indeed, plaintiff's objections rely almost exclusively on caselaw already cited in his opposition submissions.[5] However, the court agrees with and adopts the R & R's finding that defendant Powell is entitled to the dismissal of all claims against him on the basis

---

20 (dismissing conspiracy claim because plaintiff failed to allege that wrongful conduct was the result of unlawful discriminatory animus); and 20 (dismissing state law claims upon recommendation that court decline to exercise supplemental jurisdiction).

[5] Plaintiff cites for the first time *Maryland v. King*, 133 S. Ct. 1958 (2013), in support of his contention that "overbroad warrants 'to remove all persons' clearly violated centuries of case law." (Pl. Objs. III(A)(3).) The Supreme Court, however, in *Maryland v. King*, did not address warrants to "remove all persons," and held that the taking of a cheek swab from a suspect detained in custody constituted a "search" but did not violate the Fourth Amendment. *King,* 133 S. Ct. at 1964. Thus, plaintiff's reliance on *Maryland v. King* is procedurally and substantively meritless.

of qualified immunity. Indeed, there is no dispute that the warrants Powell executed were facially valid and issued pursuant to a constitutional statute, and the court finds that a review of the record establishes that Powell's conduct in executing these warrants was not objectively unreasonable. *See Keene v. Schneider*, 350 F. App'x 595, 596 (2d Cir. 2009) (citing *Tierney v. Davidson,* 133 F.3d 189, 196 (2d Cir.1998)) ("A qualified immunity defense is available when '(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law.'"); *Martinez v. Simonetti*, 202 F.3d 625, 635 (2d Cir. 2000) (same).

"[G]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Gowanus Indus. Park, Inc. v. Arthur H. Sulzer Associates, Inc.*, No. 06-CV-105, 2013 WL 1334164, at *3 (E.D.N.Y. Mar. 29, 2013) (citing *Caldarola v. Town of Smithtown,* No. 09-CV-272, 2011 WL 1336574, at *1 (E.D.N.Y. Apr. 4, 2011). Thus, the court is justified in engaging in a clear error review of plaintiff's objections to the R & R, and determines that there is no clear error in Judge Orenstein's thorough and well-reasoned recommendations in the R&R. In any event, upon an independent, *de novo* review of the pleadings, defendants' respective motions to dismiss and/or for

judgment on the pleadings, plaintiff's oppositions to those motions, defendants' reply briefs in support of the motions, all the submissions in support of and in opposition to plaintiff's motion for a preliminary injunction, the plaintiff's objections and defendants' responses thereto, and the relevant, controlling case law, the court agrees completely with and adopts in its entirety Judge Orenstein's analysis as well.

Furthermore, the court acknowledges plaintiff's objections regarding the characterizations or omissions of certain facts in the R & R, and determines that they do not change the court's determinations herein. The court finds that the factual "errors" identified by plaintiff have no bearing on the court's analysis and do not affect the court's ruling. For example, the R & R's omission of certain "critical facts" alleged in his Verified Amended Complaint and Declarations, such as a provision in his lease that required pre-eviction court process, does not warrant a different outcome. Indeed, many of the "critical facts" plaintiff relies on pertain to the provisions of his lease, and the fact that there were multiple versions of the lease; however, as provided in the R & R, it is undisputed that plaintiff's lease ran for a term from April 1, 2010 through April 1, 2011, and thus provided no additional property rights to plaintiff after April 1, 2011. (*See* R & R at 7-8.) Although not explicitly referenced in the R & R, these "critical facts," which

15

were presented in plaintiff's numerous submissions, were thoroughly considered by Judge Orenstein, who determined they had no bearing on plaintiff's purported property interests. Upon review, this court agrees.

Fundamentally, plaintiff misinterprets the import of the state Appellate Term's judgment on his federal action. As Judge Orenstein provided in his R & R, the state appellate court did not decide that the Ronald Henry Land Trust was "incompetent to hold property," and only held that the Trust lacked standing to assert an eviction claim because only the trustees could assert an eviction claim on the trust's behalf. (R & R at 4 n.1 (citing *Ronald Henry Land Trust v. Sasmor*, 990 N.Y.S.2d 767 (App. Term June 13, 2014)).) Indeed, although under New York law, a trustee must bring a lawsuit on behalf of the trust, trusts are competent to hold real property. *Stone v. Theatrical Inv. Corp.*, 64 F. Supp. 3d 527, 535 (S.D.N.Y. 2014) *reconsideration denied,* 80 F. Supp. 3d 505 (S.D.N.Y. 2015). Contrary to plaintiff's contention, New York Estates Powers and Trusts Law § 7-2.1(a) only pertains to the vesting of the "legal estate" in a trust's trustees. Plaintiff ignores the portion of the rule which provides that "[a] trust as described in sections 9-1.5, 9-1.6 and 9-1.7 of the estates, powers and trusts law . . . may acquire property in the name of the trust as such name is designated in the instrument creating said trust." N.Y. Est. Powers & Trusts

Law § 7-2.1. This provision does not affect the general power of the trust to hold real property. *See* N.Y. Est. Powers & Trusts Law § 7-1.4 ("This section allows a grantor to create a trust of real or personal property for any lawful purpose.").

Although the reversal of the state Housing Court judgment affected this court's previous opinion on March 31, 2013, to the extent this court had relied on the Housing Court's determination, the Appellate Term's reversal of judgment did no more than undermine the Housing Court's determination that the plaintiff in that case, Ronald Henry Land Trust, had no standing to properly bring eviction proceedings against plaintiff from 287 Franklin. It did not, as plaintiff contends, "flip preclusion in his favor." Indeed, the Appellate Term's decision did not address plaintiff's possessory interest in his room at 287 Franklin and did not pertain to any of the other rooms over which plaintiff alleges possessory interest in the instant federal lawsuit. Rather, the Appellate Term only addressed the Ronald Henry Land Trust's standing to bring eviction proceedings. Whether or not the Trust has standing to bring eviction proceedings has no bearing on whether plaintiff has a cognizable property interest in 287 Franklin sufficient to plead his federal claims. Therefore, although the Appellate Term's decision required that this court re-open the matter to address the impact, if any, on this court's prior determination, the court

finds alternate bases for dismissal and that plaintiff cannot plead facts demonstrating a cognizable property interest in 287 Franklin to confer standing notwithstanding the Appellate Terms' decision.

## **CONCLUSION**

Upon careful review of Judge Orenstein's thorough and well-reasoned R & R, the record in this case, and the relevant case law, the court finds no clear error in Judge Orenstein's recommendation that plaintiff's claims be dismissed for lack of standing and that defendant Powell is entitled to qualified immunity. Upon a *de novo* review, the court agrees completely with and adopts in its entirety Judge Orenstein's analysis as well. Accordingly, for the reasons set forth above, plaintiff's complaint is dismissed in its entirety, with prejudice to the federal claims therein, and the court finds that leave to amend would be futile. *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) ("Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"); *Mercado v. Quantum Servicing Corp.*, No. 15-CV-1500, 2015 WL 1969028, at *5 (E.D.N.Y. Apr. 29, 2015).

The court declines to exercise jurisdiction over plaintiff's remaining state-law claims. Furthermore, for the reasons discussed in prior decisions and above, plaintiff's request for a preliminary injunction is denied. The court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on this docket within three days of entering this Memorandum and Order. The Clerk of Court is further respectfully requested to enter judgment in favor of defendants, to serve the *pro se* plaintiff with a copy of the judgment and the appeals packet, and to close this case.

**SO ORDERED.**

Dated:   September 17, 2015
        Brooklyn, New York

                                                        _____      /s/_____
                                                          Kiyo A. Matsumoto
                                                          United States District Judge