```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
 JON SASMOR,                             :
                                         :
                     Plaintiff,          :
                                         :
     -against-                           :   **MEMORANDUM & ORDER**
                                         :   **NOT FOR PUBLICATION**
 STEVEN POWELL, Individually and as      :
 City Marshal; CHAIM GOLDBERGER a/k/a/   :   11-CV-4645 (KAM)(JO)
 HENRY GOLDBERG; HENRY MANAGEMENT,       :
 LLC; ISAAC TEITELBAUM a/k/a ISAAC       :
 TITALBAUM; ABRAHAM SCHNEEBALG; FERN     :
 FISHER, Individually and as Deputy      :
 Chief Administrative Judge for the      :
 New York City Courts; and CAROL ALT,    :
 Individually and as Chief Clerk of      :
 the Civil Court of the City of New      :
 York,                                   :
                                         :
                     Defendants.         :
                                         :
----------------------------------------x
```
**MATSUMOTO, United States District Judge:**

Plaintiff Jon Sasmor ("Mr. Sasmor") commenced this action asserting claims under federal and state law arising from the execution of certain eviction warrants pursuant to section 749(1) of the New York Real Property Actions and Proceedings Law ("RPAPL") at a building located at 287 Franklin Avenue ("287 Franklin"), in Brooklyn, New York, in which plaintiff had a lease for one room. (ECF No. 1, Complaint.) The defendants include the private management company that manages 287 Franklin on behalf of the Ronald Henry Land Trust, along with the two trustees and one of its employees (collectively, the "Private Defendants"); New York City Deputy Chief Administrative Judge Fern Fisher, New York

1

City Civil Court clerk Carol Alt (collectively, the "City Defendants"), and New York City Marshal Steven Powell, all of whom at least nominally performed official functions relating to the issuance and execution of the eviction warrants.

Each defendant moved to dismiss the complaint. (ECF Nos. 38, 45, 48.) The court subsequently adopted Magistrate Judge Orenstein's report and recommendation recommending dismissal of all of Mr. Sasmor's federal claims, and the Clerk entered judgment accordingly. (ECF Nos. 66, Order Adopting Report and Recommendations, dated 3/31/13, 67, Clerk's Judgment dated 4/2/13.) The Second Circuit affirmed the dismissal in an unpublished summary order. *See Sasmor v. Powell*, 554 F. App'x 67, 68 (2d Cir. 2014).

At a conference on December 5, 2014, the court subsequently re-opened this case after plaintiff moved on November 16, 2014 (ECF No. 71) for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and for leave to amend his complaint based on a related New York Appellate Court's reversal of a Housing Court ruling in an eviction matter that this court previously cited in dismissing plaintiff's complaint. (ECF No. 76.) This court re-opened this action for the limited purpose of considering the effect of the state appellate court decision that the Ronald Henry Land Trust lacked the capacity to bring eviction proceedings against Mr. Sasmor in state court. After Magistrate Judge Orenstein

again recommended dismissal of Mr. Sasmor's federal claims by Report and Recommendation dated July 20, 2015 (ECF No. 80), the court adopted his recommendation over Mr. Sasmor's objection, by order dated September 17, 2015. (ECF Nos. 81-82.) The court again declined to exercise supplemental jurisdiction over Mr. Sasmor's state-law claims. On September 18, 2015, judgment was entered against plaintiff on his federal claims. (ECF No. 83.)

On September 30, 2015, Mr. Sasmor has filed a motion for reconsideration of the court's dismissal. (ECF Nos. 84-85.) Powell and the Private Defendants opposed the motion for reconsideration. (ECF Nos. 89-90.) Mr. Sasmor filed a reply. (ECF No. 91.)

## **BACKGROUND**

The court assumes familiarity with the facts in this action, which have been detailed in at least six written opinions issued, *inter alia*, by this court, the magistrate judge, and the Second Circuit. *E.g.*, *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458009, at *1 (E.D.N.Y. July 20, 2015), *report and recommendation adopted*, No. 11-CV-4645, 2015 WL 5458020 (E.D.N.Y. Sept. 17, 2015); *Sasmor v. Powell*, No. 11-CV-4645, 2013 WL 1335838, at *1 (E.D.N.Y. Mar. 31, 2013), *aff'd*, 554 F. App'x 67 (2d Cir. 2014); *Sasmor v. Powell*, No. 11-CV-4645, 2011 WL 4460461, at *2 (E.D.N.Y. Sept. 26, 2011).

## **LEGAL STANDARD**

Motions for reconsideration are governed by Local Rule 6.3. In general, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) ("A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (internal quotation marks and citation omitted)). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y.2000) (internal quotation marks and citation omitted). A motion for reconsideration is not a vehicle for the relitigation of issues that were already decided. *See Darnley v. Ameriquest Mortgage Co.*, No. 06-CV-4265, 2010 WL 1037971, at *1 (E.D.N.Y. Mar. 17, 2010).

## **DISCUSSION**

Mr. Sasmor challenges the court's purported failure to properly address:

(1) His property rights;

(2) Whether property can be held in an express trust's name;

(3) The distinct standing requirements for his asserted claims;

(4) Qualified immunity for Powell;

(5) An inconsistency in the issue preclusion determination; and

(6) A clerical error in the judgment.

The court addresses Mr. Sasmor's arguments in turn.

First, the most recent report and recommendation and this court's order adopting the report carefully analyzed Mr. Sasmor's property rights, just as the earlier report and recommendation and order adopting it had. (ECF No. 61, at 10-15; ECF No. 66, at 7-12; ECF No. 80, at 3-10; ECF No. 82, at 7-8.)

Second, Mr. Sasmor has not shown how the purported "controlling" law to which he directs the court (ECF No. 85, at 6-7) represents an "intervening change of controlling law"; requires the court "to correct a clear error" in its earlier decision; or necessitates any other action to "prevent manifest injustice." *Kolel Beth*, 729 F.3d at 104.

Third, the court has considered and rejected Mr. Sasmor's arguments regarding his Fourth Amendment rights, his Equal Protection rights, his liberty interests, and his personal

5

property claims. (*E.g.*, ECF No. 82, at 5 (Fourth Amendment; Equal Protection; liberty interest); ECF No. 61, at 15 (personal property).)

Fourth, Mr. Sasmor's qualified immunity arguments were carefully analyzed by both the magistrate judge and this court. (ECF No. 61, at 16 n.6; ECF No. 80, at 10-11; ECF No. 82, at 12-14 & n.4.)

Fifth, regarding a purported inconsistency in the court's issue preclusion determination, a motion for reconsideration is not a vehicle for seeking "clarification." *See In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 593 F. Supp. 2d 549, 569 (S.D.N.Y. 2008), *on reconsideration in part* (June 26, 2008) ("Plaintiffs' motion for 'clarification' is not properly submitted under Local Civil Rule 6.3, which only allows a 'motion for reconsideration or reargument of a court order.' The Rule does not allow a party to move for 'clarification.' Indeed, the only obvious rule that allows for clarification of a court's order is Rule 60 of the Federal Rules, but even this rule does not permit the type of clarification that plaintiffs are seeking in their motion.").

Finally, Mr. Sasmor seeks a correction of the judgment to identify five additional defendants in the text of the judgment. The judgment clearly dismisses all of Mr. Sasmor's federal claims against all defendants. No correction is necessary.

## CONCLUSION

For the reasons set forth above, Mr. Sasmor's motion for reconsideration is respectfully DENIED.

**SO ORDERED.**

Dated: September 30, 2015
       Brooklyn, New York

                                            _____/s/_____
                                            KIYO A. MATSUMOTO
                                            United States District Judge
                                            Eastern District of New York